## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIG RETIREMENT SERVICES, INC. (formerly known as SunAmerica Inc.), derivatively on behalf of NEW CALIFORNIA LIFE HOLDINGS, INC., a corporation organized under Delaware law, and AURORA NATIONAL LIFE ASSURANCE COMPANY, a stock insurance company under California law, <br><br> Plaintiff, <br><br> v. <br><br> ALTUS FINANCE S.A., a corporation organized under French law, AURORA, S.A., a corporation organized under French law, CDR ENTERPRISES, a corporation organized under French law, CONSORTIUM DE REALISATION S.A., a corporation organized under French law, MAAF ASSURANCES, a mutual insurer organized under French law, MAAF VIE S.A., a corporation organized under French law, CREDIT LYONNAIS S.A., a corporation organized under French law, ARTEMIS, S.A., a corporation organized under French law, ARTEMIS FINANCE S.N.C., an entity doing business under French law, and FRANCOIS PINAULT, an individual, <br><br> Defendants, and <br><br> AURORA NATIONAL LIFE ASSURANCE COMPANY, a stock insurance company under California law, and NEW CALIFORNIA LIFE HOLDINGS, INC., a Delaware corporation, <br><br> Nominal Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-236-SLR ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## STIPULATION AND PROPOSED ORDER
## TRANSFERRING ACTION TO CENTRAL DISTRICT OF CALIFORNIA AND
## EXTENDING TIME TO RESPOND TO COMPLAINT

Plaintiff AIG Retirement Services, Inc. (formerly known as SunAmerica Inc.) and defendants (1) Consortium de Realisation S.A. ("CDR") and CDR Entreprises S.A. ("CDR-E") (successor in interest to Altus Finance S.A.) (collectively, the "CDR Defendants"); (2) Credit Lyonnais S.A.; (3) MAAF Assurances and MAAF Vie S.A. (collectively, the "MAAF Defendants"); (4) Aurora S.A., Artemis S.A., Artemis Finance S.N.C., and Francois Pinault (collectively, the "Artemis Defendants"); and (5) Aurora National Life Assurance Company and New California Life Holdings, Inc. (collectively, the "Aurora Defendants" or "Nominal Defendants," and together with all the other defendants above, the "Stipulating Defendants"), respectfully request that this Court approve this Stipulation and Proposed Order ("Stipulation") to transfer this action to the United States District Court for the Central District of California and extend the deadlines for the Stipulating Defendants to file responses to the Complaint in this action ("Complaint") until: (1) 30 days after entry of this Court's ruling on this Stipulation for the Stipulating Defendants other than the Nominal Defendants, and (2) for the Nominal Defendants, the longer of (a) 45 days after entry of this Court's ruling on the Stipulation or (b) if any Stipulating Defendant files a Motion to Dismiss, 20 days after entry of the ruling by the Central District of California on such motion.

WHEREAS, this action was brought initially in the Court of Chancery of the State of Delaware in and for New Castle County on January 14, 2005, and was thereafter removed to this Court on April 25, 2005.

WHEREAS, the Stipulating Defendants (other than the Nominal Defendants) intend to challenge this Court's *in personam* jurisdiction over each of those Stipulating Defendants.

2

WHEREAS, the Stipulating Defendants have agreed not to move to dismiss the Complaint in this action in the United States District Court for the Central District of California based on lack of *in personam* jurisdiction.

WHEREAS, six other related actions against the Stipulating Defendants have been filed in or transferred to the Central District of California and have been litigated there over the past six years.[1]

WHEREAS, the Stipulating Defendants represent that in the course of litigating the first five actions, 119 depositions have been conducted, over 2 million pages of documents have been produced, and over 30 expert witnesses have submitted reports.

WHEREAS, numerous key witnesses and documents are located in California, and a substantial part of the conduct set forth in the Complaint occurred in California.

WHEREAS, virtually no witnesses or documents are located in Delaware.

WHEREAS, Plaintiff's principal place of business is in California.

WHEREAS, defendant CDR contends it is a "foreign state" (as defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a)) because it is directly owned by the Republic of France or at a minimum a political subdivision thereof.

WHEREAS, defendant CDR contends that, based on its status as a foreign state, venue is governed by 28 U.S.C. § 1391(f) and is, therefore, not proper in the District of Delaware because it is not a place where "a substantial part of the events or omissions

---

[1] The six other actions are: (1) Garamendi v. Altus Finance S.A., U.S.D.C. Case No. CV 99-02829 AHM (CWx) ("Garamendi action"); (2) Carranza-Hernandez v. Altus Finance S.A., U.S.D.C. Case No. CV 99-08375 AHM (CWx) ("Carranza I action"); (3) Carranza-Hernandez v. Artemis S.A., U.S.D.C. Case No. CV 00-09593 AHM (CWx) ("Carranza II action"); (4) Sierra National Insurance Holdings, Inc. v. Credit Lyonnais S.A., U.S.D.C. Case No. CV 01-01339 AHM (CWx) ("Sierra action"); (5) State of California, ex rel. RoNo, LLC v. Altus Finance S.A., U.S.D.C. Case No. CV 01-08587 AHM (CWx) ("AG action"); and (6) AIG Retirement Services, Inc. v. Altus Finance S.A., U.S.D.C. Case No. CV 05-1035 JFW (CWx) ("California Action").

3

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(f).

WHEREAS, Plaintiff filed an action against the Stipulating Defendants (except the Nominal Defendants), in the United States District Court for the Central District of California on February 9, 2005 (the "California Action"), based on alleged facts that overlap in part with the alleged facts underlying the current action.

WHEREAS, the CDR Defendants and Credit Lyonnais S.A. were recently served in France with the California Action, the Artemis Defendants were earlier served, and Plaintiff represents that the MAAF Defendants are in the process of being served if they have not been served already.

WHEREAS, Plaintiff, the Stipulating Defendants, and the Nominal Defendants (collectively, the "Stipulating Parties") have agreed that this action should be transferred to the United States District Court for the Central District of California to conserve judicial resources and prevent duplicative litigation.

WHEREAS, the Stipulating Parties agree that transfer to the Central District of California is proper under 28 U.S.C. §§ 1404(a) or 1406(a) because: (1) this action could have been brought in the Central District of California, as a substantial number of the events upon which this action is based occurred in California; (2) transfer to the Central District of California will serve the convenience of the parties, the witnesses, and promote the interests of justice; (3) the Central District of California is the preferred forum over the District of Delaware as Plaintiff has filed a lawsuit in that District based on factual issues related to the factual issues underlying the current lawsuit and certain of the Stipulating Defendants have and continue to defend other related lawsuits in that

4

District; (4) California is where many of the relevant documents underlying the events at issue are located; and (5) judicial efficiency warrants transfer to minimize the risk of inconsistent rulings and judgments.

WHEREAS, Plaintiff has agreed to extend (1) the time the Stipulating Defendants other than the Nominal Defendants have to respond to the Complaint until 30 days after entry of this Court's ruling on this Stipulation, and (2) the time the Nominal Defendants have to respond to the Complaint until the longer of (a) 45 days after entry of this Court's ruling on the Stipulation or (b) if any Stipulating Defendant files a Motion to Dismiss, 20 days after entry of the ruling by the Central District of California on such motion.

WHEREAS, the Stipulating Parties hereto desire to formalize such agreement by this Stipulation,

IT IS HEREBY STIPULATED AND AGREED among the undersigned Stipulating Parties, subject to approval by this Court, as follows:

1.    This action shall be transferred to the United States District Court for the Central District of California. After such transfer, the Stipulating Parties shall file a notice that this case is related to the California Action.

2.    The Stipulating Defendants hereby agree not to move to dismiss the Complaint in this action in the Central District of California based on lack of *in personam* jurisdiction.

3.    By entering into this Stipulation and agreeing not to bring a motion to dismiss the Complaint in this action in the United States District Court for the Central District of California based on lack of *in personam* jurisdiction, the Stipulating

5

Defendants do not waive and hereby specifically reserve all rights, to the extent they exist, under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, *et seq*,. and any rights they may have under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters and the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters.

4.     By entering into this Stipulation and agreeing not to bring a motion to dismiss the Complaint in this action in the United States District Court for the Central District of California based on lack of *in personam* jurisdiction, the Stipulating Defendants do not waive and hereby specifically reserve all rights and defenses, to the extent they exist, under French law, including the assertion that the United States District Court for the Central District of California lacks jurisdiction over the Stipulating Defendants pursuant to Article 15 of the French Civil Code.

5.     By entering into this Stipulation, the Stipulating Defendants are not availing themselves to *in personam* jurisdiction of this Court and do not waive and hereby specifically reserve any defense to *in personam* jurisdiction they have in this and other actions that may come before the state or federal courts of Delaware.

6.     The time for each of the Stipulating Defendants other than the Nominal Defendants to respond to the Complaint in this action is hereby extended to 30 days after entry of this Court's ruling on this Stipulation. The time for each of the Nominal Defendants to respond to the Complaint in this action is hereby extended to the longer of (a) 45 days after entry of this Court's ruling on the Stipulation, or (b) if any Stipulating Defendant files a Motion to Dismiss, 20 days after entry of the ruling by the Central District of California on such motion.

6

7.    This Stipulation and Order does not affect, and may not be cited

concerning, any issue in this case, including the substantive merits, choice of law, or

statute of limitations, except for issues that are expressly referenced herein.


/s/ Megan Ward Cascio
Kenneth J. Nachbar (#2067)
Megan Ward Cascio (#3785)
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
knachbar@mnat.com
    Attorneys for Plaintiff AIG Retirement
    Services, Inc.

/s/ Samuel A. Nolen
Samuel A. Nolen (#971)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
nolen@rlf.com
    Attorneys for Defendants Consortium
    de Réalisation S.A., CDR Entreprises
    S.A. (successor in interest to Altus
    Finance S.A.) and Crédit Lyonnais
    S.A.


/s/ Rolin Bissell
Rolin Bissell (#4478)
Glenn C. Mandalas (#4432)
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6560
rbissell@ycst.com
    Attorneys for Defendants Aurora S.A.,
    Artemis S.A., Artemis Finance S.N.C.,
    and Francois Pinault

/s/ Neal C. Belgam
Neal C. Belgam (#2721)
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6472
belgam@blankrome.com
    Attorneys for Defendants MAAF
    Assurances and MAAF Vie S.A.

LOSANGELES 444962 v1 (2K)

/s/ Brian E. Farnan
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pgslaw.com
    Attorneys for Nominal Defendants
    Aurora National Life Assurance
    Company and New California Life
    Holdings, Inc.


      SO ORDERED this _____ day of July, 2005.


_____
Honorable Sue L. Robinson
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2005, I electronically filed the Stipulation and Proposed Order Transferring Action to Central District of California and Extending Time to Respond to Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Kenneth I. Nachbar
Megan Ward Cascio
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Rolin P. Bissell
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

John C. Phillips
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Neal C. Belgam
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Samuel A. Nolen (#971)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7752
nolen@rlf.com